**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO.: 26-cv-60235

**COLE DEFRANCO,**
*individually and on behalf of all others similarly situated,*

*Plaintiff,*

*v.*

**BOXR STUDIOS, LLC,**

*Defendant.*
______________________________/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, 1446, and 1453, Defendant BOXR STUDIOS, LLC ("Defendant" or "BOXR") hereby removes this action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and states as follows:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because both counts of the Complaint arise exclusively under federal law, specifically the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations at 47 C.F.R. § 64.1200.

2. In *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012), the Supreme Court of the United States unanimously held that federal district courts have federal question jurisdiction under 28 U.S.C. § 1331 over private actions arising under the TCPA. The Court specifically

rejected arguments that the TCPA's permissive grant of jurisdiction to state courts created any barrier to federal court jurisdiction.

3. Alternatively, this Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this putative class action satisfies all CAFA requirements:

(a) Minimal Diversity: Defendant BOXR Studios, LLC is a Florida limited liability company with its principal place of business in Miami, Florida. Plaintiff Cole DeFranco is alleged to be a citizen of Florida. However, the Complaint seeks to represent a nationwide class of all persons in the United States who received certain communications from Defendant. This nationwide class necessarily includes members who are citizens of states other than Florida, thereby satisfying the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A).

(b) Class Size: The Complaint alleges that Defendant engaged in automated telemarketing communications to a nationwide class. The proposed IDNC Class and DNC Class definitions encompass all persons in the United States who received two or more communications from Defendant. Given the nationwide scope and the allegation that Defendant engaged in systematic telemarketing practices, the proposed class reasonably exceeds 100 members, satisfying 28 U.S.C. § 1332(d)(5)(B).

(c) Amount in Controversy: The TCPA provides statutory damages of $500 per negligent violation and up to $1,500 per willful violation. 47 U.S.C. § 227(c)(5). The Complaint alleges that each class member received at least two prohibited communications, seeking treble damages for alleged willful violations. At $1,500

per violation with a minimum of two violations per class member, only 1,667 class members are required to exceed the $5,000,000 threshold. Given the alleged nationwide scope of Defendant's conduct, the aggregate amount in controversy easily exceeds $5,000,000, exclusive of interest and costs, satisfying 28 U.S.C. § 1332(d)(2).

## II. TIMELINESS OF REMOVAL

4. Defendant was served with the Summons and Class Action Complaint on December 29, 2025.

5. Pursuant to 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal within 30 days after receipt of the initial pleading or summons, whichever is received first.

6. This Amended Notice of Removal is filed on January 28, 2026, which is within 30 days of service on December 29, 2025. Accordingly, this removal is timely.

## III. VENUE

7. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Broward County Circuit Court, from which this action is removed, is located within the Southern District of Florida.

8. Pursuant to S.D. Fla. Local Rule 3.1, actions and proceedings shall be tried in their county of origin. Because this action originated in Broward County, the Fort Lauderdale Division is the appropriate division for this removal.

## IV. STATE COURT PROCEEDINGS

9. On December 12, 2025, Plaintiff Cole DeFranco filed a Class Action Complaint against Defendant in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE-25-019016, Filing #237650108.

10. The Complaint asserts two counts under the TCPA and its implementing regulations: Count I alleges violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d) (Internal Do-Not-Call List Requirements); Count II alleges violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) (National Do-Not-Call Registry Requirements).

11. The Complaint seeks class certification, statutory damages, declaratory relief, injunctive relief, and a jury trial.

12. No other pleadings, motions, or orders have been filed or entered in the state court action as of the date of this filing.

## V. CONSENT OF DEFENDANTS

13. BOXR Studios, LLC is the sole defendant named and served in this action. Pursuant to 28 U.S.C. § 1446(b)(2)(A), when only one defendant has been properly joined and served, no consent of other defendants is required. BOXR Studios, LLC consents to and effectuates this removal.

## VI. EXHIBITS

14. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches hereto true and correct copies of all process, pleadings, and filings served upon Defendant in the state court action:

**Exhibit A:** Class Action Complaint (14 pages), filed December 12, 2025

**Exhibit B:** State Civil Cover Sheet

**Exhibit C:** Summons issued to BOXR Studios, LLC

**Exhibit D:** Undersigned's Notice of Appearance

## VII. NOTICE TO STATE COURT AND ADVERSE PARTIES

15. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, and serve written notice upon Plaintiff's counsel.

## VIII. RESERVATION OF RIGHTS

16. By filing this Notice of Removal, Defendant does not waive, and expressly reserves, any and all defenses, affirmative defenses, and objections available under applicable law, including but not limited to challenges to personal jurisdiction, subject matter jurisdiction over particular claims, venue, insufficiency of process, insufficiency of service of process, failure to state a claim, and any and all substantive defenses to Plaintiff's claims.

WHEREFORE, Defendant BOXR Studios, LLC respectfully removes this action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and requests that this Court assume jurisdiction over all further proceedings in this matter.

Dated: January 28, 2026

Respectfully submitted,

/s/ Hubert G. Menendez
**HUBERT G. MENENDEZ, ESQ.**
Florida Bar No.: 1017910
The Law Office of Moises A. Saltiel, P.A.
d/b/a Saltiel Law Group
201 Alhambra Circle, Suite 1050
Coral Gables, Florida 33134
Telephone: (305) 735-6565
Facsimile: (305) 390-1655
Email: Service@SaltielLawGroup.com
*Counsel for Defendant BOXR Studios, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 28, 2026, I electronically filed the foregoing Notice of Removal with the Clerk of the United States District Court for the Southern District of Florida using the CM/ECF system.

I FURTHER CERTIFY that I have served a true and correct copy of this Amended Notice of Removal, together with all exhibits, upon Plaintiff's counsel via electronic mail to:

Gerald D. Lane, Jr., Esq.
Mitchell D. Hansen, Esq.
Zane C. Hedaya, Esq.
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, Florida 33305
Telephone: (813) 340-8838
Email: gerald@jibraellaw.com; mitchell@jibraellaw.com; zane@jibraellaw.com

I FURTHER CERTIFY that, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been filed with the Clerk of the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida.

/s/ Hubert G. Menendez
**HUBERT G. MENENDEZ, ESQ.**
Florida Bar No.: 1017910